UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 26-cv-81123-BER

DR JIMMY LAFAILLE
**Plaintiff,**

vs.

AT&T MOBILITY LLC,
**Defendant.**

FILED BY ___ D.C.
SEP 08 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**PRO SE COMPLAINT FOR MULTI-YEAR STRUCTURAL BREACH OF CONTRACT, CO-CONSPIRATORIAL DEVICE COMPROMISE, UNLAWFUL DATA ROUTING INTERCEPTION, AND DESTRUCTIVE REVENUE BLOCKADES DEMANDING $150,000,000 IN TOTAL DAMAGES** (150,000,000)

The Plaintiff, [DR JIMMY LAFAILLE], appearing Pro Se, sues the Defendant, AT&T MOBILITY LLC, and alleges:

1. **JURISDICTION AND VENUE**: This is an action for multi-year structural breach of contract, civil conspiracy, and intentional conversion of healthcare practice communications vastly exceeding $50,000, exclusive of interest and costs, falling under the jurisdiction of the Circuit Court of Palm Beach County, Florida. Venue is proper in the West Palm Beach division pursuant to Florida Statute 47.011 because the unlawful line disconnections, data mirroring, and resulting profound physiological and housing injuries occurred entirely within Palm Beach County, Florida. Service of process for AT&T Mobility LLC is directed to its official registered agent: Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.
2. **THE TELECOMMUNICATIONS CONTRACT & SERVICE COMPACT**: Plaintiff is a licensed healthcare clinician operating a private medical practice in Palm Beach County, maintaining contractually paid, secure mobile and data lines with the Defendant to manage sensitive patient clearings, process mandatory Electronic Health Records (EHR), and receive secure Two-Factor Authentication (TFA) verification data. Under binding consumer and commercial telecommunication compacts, Defendant is contractually obligated to maintain secure encrypted lines, protect account credentials from unauthorized interception, and ensure unbroken service routing to enable Plaintiff's business survival. Defendant has materially breached these core compacts by completely cutting off Plaintiff's secure service links without cause or proper notice, locking her out of her primary data networks.

3. **THE MAY CYBERATTACK AND HARDWARE PROFILE INTERCEPTION**: Plaintiff explicitly alleges that in May 2024, her private practice was subjected to a severe, targeted data compromise. Following these events, Plaintiff was legally and logistically forced to alter her primary commercial bank accounts to safeguard patient data and protect her financial infrastructure. Following these mandatory security overhauls, Plaintiff encountered severe technical blockades and persistent, structural errors while attempting to upload her updated account credentials across several integrated practice management and billing platforms, completely freezing her incoming insurance distributions. Plaintiff explicitly alleges that Defendant AT&T entered into an active,

negligent civil conspiracy with external bad-faith operators specifically including co-conspirators unmasked in Lawsuit permitting unauthorized, back-end modifications to Plaintiff's hardware configurations and mobile data networks. Defendant permitted Plaintiff's secure communication streams to be mapped through foreign IP addresses and allowed external actors to intercept critical medical clearings and filter Two-Factor Authentication (TFA) tokens. Defendant maintained these line suspensions despite continuous administrative updates, utilizing its control over the telecommunications infrastructure to isolate the Plaintiff and force the operational collapse of her private practice. Because this intentional economic and data block has been executed continuously across 2024, 2025, and 2026, Plaintiff demands compensatory and punitive damages valued at **$100,000,000.00 (One Hundred Million) Dollars for each year of active data and communication sabotage.** fifty (50)

4. **DESTRUCTIVE REVENUE BLOCKADES, CORPORATE SILENCE, and HOME IMPACT**: Despite being formally notified that Plaintiff's non-payment since May was the direct, unmitigated result of an ongoing technical lockout and systemic billing platform blocks, Defendant completely severed Plaintiff's lines. Plaintiff explicitly alleges a pattern of gross administrative abandonment; on Friday morning, both the assigned case manager from the AT&T Corporate President's Office and the regional AT&T Manager's Office completely refused to respond to Plaintiff's urgent calls, failing to issue a single corporate electronic mail communication or call back to resolve the block. This total administrative silence left Plaintiff and her children entirely stranded without communication networks for the duration of the weekend.

5. This complete disconnection directly targeted and severed her professional medical practice networks, leaving her entirely unable to communicate with her paying preceptorship students, and entirely blocking active healthcare patients who attempted to reach her facility only to find the critical clinical lines cut off without warning. Furthermore, this unannounced disconnection caused immediate, direct financial damage to Plaintiff's immediate household dependencies, rendering Plaintiff's daughter completely unable to receive operational communication lines, resulting in the direct loss of her regular babysitting employment.

6. This continuous economic block directly induced the absolute destruction of Plaintiff's marriage, forcing her into an active **$5,775.00 past-due residential eviction notice** that due on or before August 11, 2026 The stress of immediate financial starvation directly caused Plaintiff's body weight to plummet from 150 lbs down to a dangerous 110 lbs, causing severe dental neglect and triggering a life-threatening emergency cardiac stabilization episode in a Taiwan hospital due to triggered medical PTSD and historical SVT. Since Then, Plaintiff has been made aware that an eviction notice had been filed by the free legal aid lawyer and the conspirators are sitting there waiting and watching for it to happen soon.

7. Furthermore, Plaintiff did not get any message from the AT&T fraud department that created a case number back in May, June, and July when Plaintiff reported respectively screenshots of the cybercrime, screenshots of AT&T IP lines addresses being used to reroute Plaintiff money for years by the hackers hired by Optum Pay /United Healthcare to a "ghost account" within "Fifth Third Bank". Instead, they weaponized Plaintiff AT&T balance and had so-called case manager namely AJ from the office of the AT&T president itself to begin taking part of the

AT&T (3)

humiliation ritual during the week of Monday August 17, 2026, while working in tandem with the conspirators and co-conspirators of the R.I.C.O style campaign team. He called the Plaintiff three weeks after she emailed him the fact to make me aware that "I would be getting phone calls from the collection department and that Plaintiff phone was fine and that they did not uncover anything wrong". I asked AJ on that phone call if he was an AT&T cybercrime expert to help me keep the lines open while the investigation is still active, he said he was an expert "of case managing" then I advised to stop calling my line and that I would pick up the phone when the AT&T fraud department decides to investigate my case or work to resolve the hacker's violation. The latter made Plaintiff realize that AT&T had no plan to help make sure her revenues were secure and the hackers who were using AT&T lines to stop using their IP addresses to keep intercepting money through the United Health Care (UHC), Optum pay, and TFA.

8. **WHEREFORE**, Plaintiff, [DR JIMMY LAFAILLE], respectfully requests this Court enter judgment against Defendant for compensatory and punitive damages valued at a baseline of **$150,000,000.00** (one hundred fifty million) (JL) based on a calculation of **$150,000,000.00** (one hundred and fifty million) JL for the number of years of active service sabotage facilitated to the hackers by AT&T, and demands a trial by jury.

Respectfully submitted,

[DR JIMMY LAFAILLE]

[jimmylafaille@att.net]

Initials: JL

Telephone: (561) 7026309

DATE: 9/8/2026

## STATEMENT OF CLAIM AGAINST ST. THOMAS UNIVERSITY AND AT&T MOBILITY

1. Jurisdiction is grounded in 18 U.S.C. Section 1962 (Civil R.I.C.O.) and 18 U.S.C. Section 1030 (Computer Fraud and Abuse Act). Beginning in 2023 and continuing through the present, Defendants St. Thomas University and AT&T Mobility LLC actively participated in a coordinated civil racketeering enterprise and data containment grid to freeze my clinical operations, manipulate my academic standing, and disrupt my baseline communication lines.

2. Defendant AT&T Mobility LLC participated in this enterprise by executing a coordinated telecommunications blockade, culminating on **September 2, 2026, at 8:30 PM**, when AT&T intentionally cut my active cellular service lines. This malicious network intervention targeted my device to enforce an isolation grid, completely preventing my daughter from contacting me from her university campus and inflicting severe emotional duress, domestic instability, and immediate safety hazards on my dependent household.

3. These targeted infrastructure interventions and wireless data blocks were weaponized in coordination with outside enterprise actors to destroy my independent clinical livelihood, block emergency familial communication, and force catastrophic financial duress and personal humiliation onto my independent practice and dependent household, resulting in baseline damages of exactly **$200,000,000.00 (Two Hundred Million Dollars)** against St. Thomas University and **$150,000,000.00 (One Hundred Fifty Million Dollars)** against AT&T Mobility LLC.

Sig [signature]

Dr Jimmy Lafaille
tel: (541) 7026309
Jimmylafaille@att.net

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

West Palm Beach Division

PLAINTIFF'S AMENDED FORENSIC AND OPERATIONAL TIMELINE OF INFRASTRUCTURE HARMS

Plaintiff hereby formally supplements and amends her statement of claims to introduce a verified chronological timeline of the technical, financial, and physical containment tracks executed by the enterprise defendants to cause the total collapse of her psychiatric practice:

1. **JANUARY 2023 – DECEMBER 2023 (The Initiation Track):** Coordinated database blocks and unverified credential flags began appearing across regional retail pharmacy networks. Simultaneously, tracking loops were initiated over Plaintiff's professional credentials, and initial physical property and air conditioning tampering was executed at her residence by non-party actor Carole Fears to induce acute operational and personal duress.
2. **JANUARY 2024 – DECEMBER 2024 (The Commercial and Litigation Escalation):** Interlocked real estate actors and prior civil legal counsel orchestrated weaponized litigation delays, manufactured fraudulent billing traps up to $5,000.00, and engineered sudden withdrawal traps before the court to leave Plaintiff completely unrepresented during a critical housing and practice crisis. My gross business revenue records confirm that despite these early technical disruptions, my clinical operations sustained a stable baseline profile of **$218,694.53** for this calendar year.
3. **JANUARY 2025 – JUNE 2026 (The Electronic Clearance and Panel Blockade):** The enterprise defendants launched targeted systemic interventions across major insurance networks, clearinghouses, and electronic data interchange (EDI) pipelines. UnitedHealth Group, Change Healthcare, and Optum Pay deployed automated database locks, fake banking interface routing profiles, and malicious packet drops to systematically freeze my independent clinical provider lines and block necessary account data updates.
4. **JULY 2026 (The Total Revenue Freeze):** The clearinghouse blocks and network panel exclusions resulted in a total and catastrophic collapse of independent earnings, during which my psychiatric practice officially received exactly **$0.00 (Zero Dollars)** in commercial insurance provider payments.
5. **AUGUST 2026 – PRESENT (The Extreme Domestic Containment and Cellular Line Cutoff):** Legal aid non-profit entities executed intentional file suppression tracks to block emergency housing relief and expose Plaintiff's household to property liquidation. This culminated on **September 2, 2026, at 8:30 PM**, when Defendant AT&T Mobility LLC abruptly severed Plaintiff's active cellular service lines, stranding her dependent daughter on a hazardous highway in heavy rain without communication or navigation access for five consecutive hours. This continuous technical containment grid has forced the absolute collapse of Plaintiff's family structure, forcing her to obtain administrative packets for the formal dissolution of her marriage to Claude/Claudora Charles-Pierre, while her commercial accounts remain in a steep negative overdrawn status.

DR Jimmy Lafalle

Jimmylafalle@att.net

DATE : 9/8/26